IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 16 B 23482 |
| LAWRENCE T MASICLAT<br>MYLENE MASICLAT | Chapter 13 |
| Debtor, | Honorable Judge Jack B. Schmetterer |
| Plaintiff | Adversary Proceeding |
| v. | Case No. 16 A 00665 |
| MB FINANCIAL BANK N.A.<br>Due to merger of American Chartered<br>Bank into MB Financial Bank., N.A. | |
| Defendant. | |

### ~~PROPOSED~~ amc FINDINGS OF FACT AND CONCLUSIONS OF LAW

On November 10, 2016, Lawrence T Masiclat and Mylene Masiclat (hereinafter "Plaintiffs") filed an adversary complaint pursuant to 11 U.S.C. §§ 506(a) and (d) and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip off Defendant's Underlying Lien Against Plaintiff's Primary Residence. The Court, after proper notice to Defendant, having considered and reviewed the Complaint and Exhibits and being fully advised in the premises, and having entered an Order of Default and an Order of Default Judgment, now makes and enters the following findings of fact and conclusions of law:

#### FINDINGS OF FACT

1. Plaintiff Lawrence T Masiclat is the owner of the property commonly known as 5721 Caribou Lane, Hoffman Estates, IL 60192 (hereinafter "Subject Property").

1

2. U.S. Bank, N.A. holds a first mortgage on the Subject Property in the amount of $310,177.61 (said loan is being serviced by America's Servicing Company) by virtue of mortgage lien recorded with the Cook County Recorder of Deeds on April 27, 2004 as Document # 0411840236.

3. U.S. Bank, N.A. filed proof of claim 2-1 on August 2, 2016 in the amount of $310,177.61.

4. CitiMortgage, Inc (hereinafter "Citi") holds a second mortgage lien against the Subject Real Estate with an approximate amount due of $40,968.00 by virtue of a mortgage lien recorded by Citibank Federal Savings Bank with the Cook County Recorder of Deeds on November 22, 2005 as Document # 0532621028 and assigned and transferred to CitiMortgage, Inc, as evidenced by an Assignment of Mortgage filed with the Cook County Recorder of Deeds on February 11, 2015 as Document # 1504257070.

5. American Chartered Bank, now MB Financial Bank, N.A. due to merger of American Chartered Bank into MB Financial Bank (hereinafter "MB") possesses a junior mortgage against the Subject Property in the amount of approximately $80,000.00.

6. As of July 21, 2016, when a bankruptcy case concerning Plaintiffs was filed under Chapter 13 of the United States Bankruptcy Code, Case No. 16 B 23482, the amounts due and owing on US Bank, N.A. and CitiMortgage, Inc's senior mortgages exceeded the value of the Subject Property.

7. Plaintiff's Chapter 13 plan provides that American Chartered Bank's junior mortgage shall be treated as a general unsecured nonpriority claim, however, it shall not be paid by the trustee as the debt was discharged in the Debtors' previous Chapter 7 case.

### CONCLUSIONS OF LAW

2

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334, in that this action arises in and relates to Bankruptcy Case No. 16 B 23482, In re Lawrence T Masiclat and Mylene Masiclat, presently before this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(k), 11 U.S.C. §§ 506(a) and (d), and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiff's Primary Residence.

3. Pursuant to 11 U.S.C. § 1322(b), a lien upon a residential real estate which is the Debtor's primary residence cannot be modified. However, where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In re: Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In re MacDonald*, 205 F.3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F.3d 277 (5th Cir. 2000); *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000). As of July 21, 2016, when a bankruptcy case concerning Plaintiffs was filed under Chapter 13 of the United States Bankruptcy Code, Case No. 16 B 23482, the amounts due and owing on U.S. Bank, N.A. and CitiMortgage, Inc's senior mortgages exceeded the value of the property commonly known as 5721 Caribou Lane, Hoffman Estates, IL 60192; therefore, American Chartered Bank, now MB Financial Bank, N.A. due to merger of American Chartered Bank into MB Financial Bank, third mortgage is wholly unsecured and may be avoided and cancelled.

4. Pursuant to 11 U.S.C. § 506, j American Chartered Bank, now MB Financial Bank, N.A. due to merger of American Chartered Bank into MB Financial Bank junior mortgage has been proven to be wholly unsecured, and therefore shall be treated as a general unsecured

3

nonpriority claim in Plaintiff's Chapter 13 plan but shall not be paid by the trustee as the debt was discharged in the Plaintiff's prior Chapter 7 bankruptcy.

5. American Chartered Bank, now MB Financial Bank, N.A. due to merger of American Chartered Bank into MB Financial Bank secured claim against the property commonly known as 5721 Caribou Lane, Hoffman Estates, IL 60192 is valued at zero.

6. Plaintiff is entitled to a Order of Judgment declaring that upon the successful completion of Plaintiffs' Chapter 13 case, American Chartered Bank, now MB Financial Bank, N.A. due to merger of American Chartered Bank into MB Financial Bank junior mortgage will be rendered null and void with no further legal effect.

7. The Court reserves jurisdiction to enforce the terms of this order.

Dated: 1/31/17
JAN 3 1 2017

Jack B. Schmetterer
United States Bankruptcy Judge

4

Prepared by:

Orlando Velazquez#6210326
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 (telephone)
(630) 575-8188 (facsimile)
ovelazquez@sulaimanlaw.com